UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-MC-62400-COHN/VALLE

WILLIAM ROSE, an
individual,

  Plaintiff,

v.

CELLULAR TOUCH
WIRELESS, INC., *a*
*Florida corporation*,

  Defendant.

_____

## **REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

  THIS MATTER is before the Court upon: (i) Plaintiff's Motion to Compel Compliance with Non-Party Subpoena Served upon KPMG, LLP ("KPMG") (ECF No. 1) (the "Motion to Compel"); and (ii) Non-Party T-Mobile USA, Inc.'s Motion to Intervene to Transfer Motion to Compel, Quash Subpoena or for Protective Order (ECF No. 7) (the "Motion to Transfer") (together, the "Motions").   Senior U.S. District Judge James I. Cohn has referred the matter to the undersigned for a report and recommendation.[1]  *See* (ECF No. 11).

_____

[1] Some Magistrate Judges in this District consider these types of motions non-dispositive matters and enter orders granting relief.  *See, e.g.*, *Swissdigital USA Co. v. Wenger, S.A.*, No. 22-MC-62358, 2022 WL 17904108 (S.D. Fla. Dec. 23, 2022) (order transferring proceedings to Western District of Texas), *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021) (collecting cases for the proposition that transfer of Rule 45 dispute is non-dispositive and transferring proceedings to the Eastern District of Oklahoma).  Other Magistrate Judges, however, have made recommendations to the District Judge.  *See, e.g.*, *Virnetx, Inc. v. Apple Inc.*, No. 13-MC-80769, 2013 WL 12108440, at *4 (S.D. Fla. Sept. 26, 2013), *report and recommendation adopted*, 2013 WL 12108441 (S.D. Fla. Nov. 18, 2013).  Here, consistent with the Senior District Judge's referral, the undersigned makes a recommendation for the Court's consideration.  (ECF No. 11).

Having reviewed the Motions, KPMG's Response to Plaintiff's Motion to Compel (ECF No. 8), Plaintiff's Opposition to Non-Party T Mobile's Motion to Transfer (ECF No. 12), Non-Party T-Mobile's Notice of Supplemental Authority in Support of Motion to Transfer (ECF No. 18), and being otherwise duly advised in the matter, the undersigned recommends that the Court: (i) **DEFER** ruling on the Motion to Compel and **TRANFER** the matter to the Middle District Court; and (ii) **GRANT** the Motion to Transfer for the reasons set forth below.

## I.    <u>BACKGROUND</u>

Plaintiff William Rose commenced this miscellaneous proceeding seeking to compel compliance with a Rule 45 subpoena served on KPMG (the "KPMG Subpoena"). *See generally* (ECF No. 1). The KPMG Subpoena arises from a case pending in the Middle District of Florida styled *Rose v. Cellular Touch Wireless, Inc.*, No. 2:23-CV-00022-JLB-KCD (M.D. Fla. Dec. 23, 2023) (the "Middle District Litigation") involving claims by Plaintiff against Defendant, who operates retail stores in Florida under T-Mobile USA, Inc.'s family of companies (hereinafter, "T-Mobile"). *Id.* at 2; *see also* (ECF Nos. 1-2, 1-3). In relevant part, the Middle District Litigation has resulted in Plaintiff seeking compliance with three subpoenas served on various companies in different jurisdictions. *See* (ECF No. 12-1 at 5) (listing subpoenas in the District of New Jersey (as to T-Mobile), Eastern District of California (as to Mandiant), and this District (as to KPMG)); (ECF No. 7 at 10, 12) (arguing that Plaintiff moved to compel overlapping subpoenas in three jurisdictions).

In late December 2023, the Middle District Court denied Plaintiff's initial motion to compel compliance with the KPMG Subpoena, noting that Plaintiff sought to compel KPMG to produce documents in Coral Springs, Florida, in the Southern District of Florida, so that any motion to enforce the subpoena must be filed in this District. *See Rose*, No. 2:23-CV-00022-JLB-KCD (ECF No. 23

at 1); *see also* Fed. R. Civ. P. 45(g).  The Court further noted that "[i]f the Southern District finds exceptional circumstances, or if KPMG consents, the motion [to compel] can be transferred [to the Middle District Court] for resolution." *Id.*  Plaintiff subsequently filed the instant Motion to Compel. *See generally* (ECF No. 1).

In response to the Motion to Compel, KPMG asserts that "the documents [sought in the KPMG Subpoena] contain T-Mobile's confidential and proprietary business information."  (ECF No. 8 at 1).  Indeed, shortly after Plaintiff commenced these proceedings, T-Mobile filed the Motion to Transfer, seeking to intervene in these proceedings and transfer the dispute to the Middle District Court.  *See generally* (ECF No. 7); *see also* (ECF No. 8 at 2).  In its response, KPMG also asserts that it reviewed and collected the documents potentially responsive to the KPMG Subpoena and is "ready to abide by the Court's decision regarding both Plaintiff's Motion to Compel and T-Mobile's Motion to [Transfer]."  (ECF No. 8 at 2).

In late February 2024, T-Mobile filed a Notice of Supplemental Authority in Support of its Motion to Transfer (ECF No. 18).  The Notice attached a ruling from the District Court of New Jersey granting T-Mobile's motion to transfer enforcement of a Rule 45 subpoena to the Middle District of Florida.  *See* (ECF No. 18-1).  That is the same relief T-Mobile seeks in the instant Motion to Transfer.  According to T-Mobile, transferring this miscellaneous action to the Middle District of Florida would ensure "consistent and efficient adjudication."  (ECF No. 18 at 2).

## II.    <u>DISCUSSION</u>

Federal Rule of Civil Procedure 45 governs third-party subpoenas, including the contents of a subpoena, which court can issue it, and where a subpoena can be served and enforced.  *See* Fed. R. Civ. P. 45(a)-(c).  Rule 45(f) addresses transferring a subpoena-related motion.  Fed. R. Civ. P. 45(f).  According to Rule 45(f), "[w]hen the court where compliance is required did not

issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." *Id.* By its terms, Rule 45(f) permits transfer under appropriate circumstances, but does not require it. The decision of whether to transfer a matter pursuant to Rule 45 is left to the discretion of the Court where compliance with the subpoena is required. *Swissdigital USA Co.*, 2022 WL 17904108, at *1 (noting that transfer of a Rule 45 subpoena to another forum at a non-party's request is within the court's discretion); *Fed. Trade Comm'n v. AmeriDebt, Inc.*, No. 05-CV-22241, 2006 WL 8433126, at *1 (S.D. Fla. Jan. 6, 2006) (same).

Here, the proceedings should be transferred based on the consent prong of Rule 45(f). First, KMPG—the subject of the Rule 45 Subpoena—consents to the transfer of the Motion to Compel to the Middle District of Florida. (ECF No. 7 at 6). KPMG is also "ready to abide by the Court's decision regarding both Plaintiff's Motion to Compel and T-Mobile's Motion to [Transfer]." (ECF No. 8 at 2). Second, the Middle District Court also recognized that enforcement of the Rule 45 Subpoena could be transferred to that court based on consent or exceptional circumstances. *See Rose*, No. 2:23-CV-00022-JLB-KCD (ECF No. 23 at 1). Accordingly, transfer of these proceedings based on KMPG's consent is appropriate.

For completeness, the undersigned also considers whether this mater presents "exceptional circumstances" warranting transfer under the second prong of Rule 45(f). Although Rule 45(f) does not define "exceptional circumstances," the Advisory Committee Notes to the 2013 Amendments provide two examples in which transfer due to exceptional circumstances is appropriate: (i) when the issuing court has already ruled on issues presented in the motion; and (ii) when the same discovery issues are likely to arise in many districts. *Hoog*, 338 F.R.D. at 517. Courts "should look to a variety of factors to determine if the judge from the issuing court is in a

4

better position to rule on the motion due to her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Id*. (citations omitted).

Here, several factors support transfer of these proceedings as an "exceptional circumstance." First, based on the record before the Court, it is evident that the same discovery issues have arisen in several districts and transfer of the proceedings will avoid inconsistent results. *Hoog*, 338 F.R.D. at 519 (granting transfer of case that raised same issues in different jurisdictions). Second, the Middle District Litigation remains pending with a discovery deadline of August 2024 and a trial date of March 2025. *Rose*, No. 2:23-CV-00022-JLB-KCD (ECF No. 26). In further support of transfer, the District Court of New Jersey noted that "the Middle District of Florida represents the only opportunity for a single court to rule on all of the outstanding subpoenas related to the T-Mobile/KPMG documents. That is the only District to which both T-Mobile and KPMG have agreed to transfer their respective disputes, and indeed, the only District to which transfer would be permissible under Rule 45(f)." *See* (ECF No. 18-1). The undersigned agrees. Lastly, there is no prejudice or undue burden to the parties or non-parties in litigating the Motion to Compel in the Middle District of Florida. *See Swissdigital*, 2022 WL 17904108, at *4 (transferring proceeding to quash Rule 45 subpoena as any undue burden should be minimal). On the contrary, having the motions to compel compliance with the various subpoenas in different jurisdictions wastes judicial resources and creates the risk of inconsistent results. Accordingly, pursuant to Rule 45(f), the District Court should transfer the Motion to Compel to the Middle District of Florida.

## III.  RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.     The Court **DEFER** ruling on Plaintiff's Motion to Compel Compliance with Non-Party Subpoena Served upon KPMG (ECF No. 1) and **TRANSFER** these miscellaneous proceedings to the Middle District of Florida in the action styled *Rose v. Cellular Touch Wireless, Inc.*, No. 2:23-CV-00022-JLB-KCD.  Subsequently, the proceedings should be administratively **CLOSED** in this jurisdiction; and

2.     Non-Party T-Mobile USA, Inc.'s Motion to Intervene to Transfer Motion to Compel, Quash Subpoena or for Protective Order (ECF No. 7) should be **GRANTED** solely to transfer enforcement of the KPMG Subpoena to the Middle District of Florida.

3.     Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2023); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on March 26, 2024.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: Senior U.S. District Judge James I. Cohn
     All Counsel of Record